```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

|  |  |  |
|---|---|---|
| ESCAPADES CONDOMINIUM<br>OWNERS' ASSOCIATION, | : <br> : <br> : |  |
|     Plaintiff, | : <br> : |  |
| vs. | : <br> : | CIVIL ACTION 08-0435-CG-M |
| CRUMP INSURANCE SERVICES, INC.;<br>UNDERWRITERS AT LLOYD'S,<br>LONDON; WHITEHAVEN INSURANCE<br>GROUP, INC., *et al.*, | : <br> : <br> : <br> : <br> : |  |
|     Defendants. | : |  |

                    REPORT AND RECOMMENDATION

The Motion to Remand filed by Plaintiff (Doc. 9) has been referred for report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1). Jurisdiction has been invoked in this Court under 28 U.S.C. § 1332. It is recommended that Plaintiff's Motion to Remand be granted.

The facts, very briefly, are as follows. On August 29, 2005, Hurricane Katrina hit the Gulf Coast, causing damage to two buildings known as the Escapades (Doc. 1, Exhibit A, p. 3, ¶ 5). Insurance on those building was being provided by Defendants Crump Insurance Services, Inc. and Underwriters at Lloyds, London (hereinafter *Insurers*) in a policy issued to Plaintiff Escapades Condominium Owners' Association (hereinafter *Owners*) (Doc. 1, Exhibit A, pp. 2-3, ¶¶ 1-2). Plaintiff made a claim on the damage, and has received some reimbursement, but believes that

the Insurers have not paid the full amount for which they were insured (Doc. 1, Exhibit A, pp. 4-6, ¶¶ 6-14).  The Owners also had insurance for the contents of the buildings which was provided by Defendant Whitehaven Insurance Group, Inc. (hereinafter *Whitehaven*); Whitehaven was also the local agent for "the procurement of the subject insurance policy made the basis of this lawsuit" (Doc. 1, Exhibit A, p. 6, ¶ 16).

The Owners brought an action against the Insurers and Whitehaven in the Baldwin County Circuit Court on June 20, 2008 asserting three causes of action; the first two counts are against the Insurers for breach of contract and bad faith while the third cause of action is against Whitehaven for negligence (Doc. 1, Exhibit A, pp. 1-8).  On July 24, 2008, the Insurers Removed this action, asserting diversity jurisdiction as Whitehaven had been fraudulently joined in this action (Doc. 1).  On August 19, Plaintiff filed a Motion to Remand (Doc. 9); the Insurers have filed a Response (Doc. 21) to which Plaintiff has Replied (Doc. 22).

In its removal petition, Defendants[1] allege that this Court has diversity jurisdiction under 28 U.S.C. § 1332 and that this action is removable pursuant to 28 U.S.C. § 1446(a) (Doc. 1).  In a removal action, the party asserting jurisdiction has the burden

---

[1] The Court will use the term *Defendants* to mean the Insurers (Crump Insurance Services, Inc. and Underwriters at Lloyds, London); this does not include Defendant Whitehaven.

of establishing proof of jurisdiction by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom Hanna Steel Corp. v. Lowery*, 128 S.Ct. 2877 (2008). In a removal action, that burden is upon the defendant. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Removal is a statutory remedy which must be narrowly construed so as to limit federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala. 1986).

Defendant has a heavy burden in proving that this Court has subject matter jurisdiction over this action. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). District courts have been instructed to consider the following principles in determining if the removal of an action from a state court was proper:

> Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.

*Burns*, 31 F.3d at 1095 (citations omitted).

The Court notes that any civil action over which the district court would have original jurisdiction may be removed by the defendant to the district court for the district in which the action is pending.  28 U.S.C. § 1441(a).  The district court has jurisdiction over actions between citizens of different states so long as all plaintiffs are diverse from all defendants, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(b).

There would appear to be no dispute regarding the amount in controversy.  Rather, the disagreement herein concerns the diversity of the parties.  There is no apparent dispute that Owners is an Alabama association (*see* Doc. 1, ¶ 7), that Crump is a Texas corporation[2] (*see* Doc. 1, ¶ 8), and that Lloyd's is an English corporation (*see* Doc. 1, ¶ 9).  Whitehaven, however, is an Alabama corporation (Doc. 1, ¶ 10; Doc. 9 Brief, p. 2).

With this scenario, the dictate of *Strawbridge* is not satisfied as Owners and Whitehaven both hail from Alabama.  Defendants have argued, however, that Whitehaven has been fraudulently joined to defeat jurisdiction (Doc. 1, ¶ 10).  It is noted that "[a]n action may [] be removable if the joinder of non-diverse parties is fraudulent."  *Tapscott v. MS Dealer*

---

[2]The Court notes that Defendants have asserted that Crump is a Texas corporation (*see* Doc. 1, ¶ 8).  The Court will assume that Crump is incorporated under the laws of Texas and that its principal place of business is within Texas as well, *see* 28 U.S.C. § 1332(c)(1), noting that Plaintiff has not argued otherwise (*see* Doc. 9).

*Service Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

A court, testing a claim of fraudulent joinder is instructed to "(1) look to see whether there is no possibility the plaintiff can establish any cause of action against the resident defendant; and (2) look to see whether plaintiff has fraudulently pled jurisdictional facts in order to bring the resident defendant into state court." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989) (*citing Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988)). In making this determination, this Court looks at "plaintiff's pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). All questions of fact and law are resolved in favor of the Plaintiff. *Cabalceta*, 883 F.2d at 1561.

The Insurers admit that they "have not disputed the validity of Plaintiff's claims against Whitehaven" (Doc. 21, p. 7). Owners have shown that Alabama law supports the cause of action against Whitehaven (Doc. 9 Brief, p. 5). *Crump v. Geer Bros., Inc.*, 336 So.2d 1091, 1093 (Ala. 1976) ("[w]hen an insurance agent or broker, with a view to compensation, undertakes to procure insurance for a client, and unjustifiably or negligently fails to do so, he becomes liable for any damage resulting therefrom") (quoting *Timmerman Ins. Agency, Inc. v. Miller*, 229 So.2d 475 (1969)). With regard to the second prong of *Cabalceta*,

5

the Court finds that Defendants have not asserted that Owners fraudulently pled jurisdictional facts in order to defeat federal jurisdiction.

However, Defendants have argued that Whitehaven is improperly joined because Plaintiff has not satisfied the requirements of Rule 20 of the Federal Rules of Civil Procedure (Doc. 21, pp. 3-4).  More specifically, Rule 20 states the following:

> Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a)(2).  Defendants have argued that Plaintiff fails to meet either prong of this Rule, much less both of them (Doc. 21, pp. 3-7).

Plaintiff has argued that it brought its second cause of action (bad faith) against the Insurers because they improperly denied a portion of its claims for hurricane damages because Owners was under-insured on its contents coverage.  Plaintiff also seeks to hold Whitehaven accountable for not procuring enough insurance to cover their needs.  The Court understands these two claims, together, to be opposite sides of the same

coin:  either the Insurers were correct in choosing not to pay part of the damages Owners sought because they were under-insured and, if so, Whitehaven is responsible for their being under-insured; or, the Owners were not under-insured and Whitehaven is not responsible, but the Insurers acted in bad faith for not paying the covered damages.  The Court finds that the requirements of Fed.R.Civ.P. 20(a)(2) are satisfied.

The Court finds that this action was improperly removed. Therefore, it is recommended that Plaintiff's Motion to Remand be granted and that this action be remanded to the Baldwin County Circuit Court for all further proceedings.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)©; *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the

7

objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 21st day of October, 2008.

                                                  s/BERT W. MILLING, JR.
                                                  UNITED STATES MAGISTRATE JUDGE