IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ESCAPADES CONDOMINIUM** ) | |
| **OWNERS' ASSOCIATION,** ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **CIVIL ACTION NO. 08-0435-CG-M** |
| ) | |
| **CRUMP INSURANCE** ) | |
| **SERVICES, INC., et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the court on defendants, Crump Insurance Services, Inc.'s and Underwriters at Lloyd's, London's ("movants"), objection to the magistrate judge's report and recommendation to remand this case to the Circuit Court of Baldwin County, where it was originally filed. (Doc. 31). The plaintiff, Escapades Condominium Owners' Association, filed a written response to the movants' objection. (Doc. 32). There are three named defendants in this case, the two movants and Whitehaven Insurance Group, Inc. ("Whitehaven"). (Doc. 1-2, p. 2). At issue is whether the plaintiff, an Alabama citizen, "fraudulently joined" Whitehaven, which the parties agree is an Alabama citizen for purposes of the diversity jurisdiction statute, in order to defeat diversity jurisdiction in this court. Neither of the two movants is a citizen of the State of Alabama.

The magistrate judge's report and recommendation concluded that Whitehaven was not fraudulently joined. Because Whitehaven and the plaintiff are both Alabama citizens, diversity jurisdiction was therefore lacking, so the magistrate judge recommended remanding this case to state court. This court reviews de novo the portions of the magistrate judge's report and

recommendation to which objections are made.  28 U.S.C. § 636(b)(1)©.

**I.    FRAUDULENT JOINDER STANDARD**

Removal of this case from the Circuit Court of Baldwin County was premised on diversity jurisdiction.  Pursuant to 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."  Id.  With regard to the parties' citizenship, the diversity statute requires "complete diversity between all plaintiffs and all defendants[,]" Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005), meaning that "the citizenship of every plaintiff must be diverse from the citizenship of every defendant." Legg v. Wyeth, 428 F.3d 1317, 1321 n.2 (11th Cir. 2005).

The movants argue that there is complete diversity in this case despite the fact that the plaintiff and one of the defendants, Whitehaven, are both citizens of the state of Alabama.  The argument is based on the doctrine of "fraudulent joinder," which "is a judicially created doctrine that provides an exception to the requirement of complete diversity."  Triggs v. John Crump Toyota, 154 F.3d 1284, 1287 (11th Cir. 1998).  A nondiverse defendant who is fraudulently joined does not defeat diversity because his citizenship is excluded from the diversity inquiry. The doctrine is triggered when: (1) "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant"; (2) "there is outright fraud in the plaintiff's pleading of jurisdictional facts"; or (3) "a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant."  Id.

The objection before the court implicates the third of these triggers.

## II.   THE COMPLAINT

The plaintiff filed a three-count complaint. Count one is brought against the movants for failure to pay insurance benefits. In summary, the plaintiff alleges that the movants have not compensated, adequately, the plaintiff for damage that two buildings the plaintiff owned sustained during Hurricane Katrina. The plaintiff alleges that it was entitled to $1,450,000 in insurance coverage "against certain perils associated with storms . . . in the event that the buildings and structures owned by the Plaintiff . . . should become damaged or rendered a total loss as a result of" a covered event. (Doc. 1-2, p. 3, ¶¶ 2-4). The movants allegedly paid the plaintiff $187,674.93 in insurance benefits, which the plaintiff claims is insufficient. (Doc. 1-2, p. 4, ¶ 9).

Count two is brought against the movants. It alleges that the movants "acted in bad faith and improperly adjusted the damages to the subject buildings, while simultaneously both under-evaluating the costs to repair the buildings and under-evaluating the effects of the wind on the structures in causing the damages suffered by Plaintiff." (Doc. 1-2, p. 5, ¶ 11). Count two also alleges that the movants acted in bad faith when they denied a supplemental claim the plaintiff made for damage to the stucco envelope of the buildings. (Doc. 1-2, pp. 5-6, ¶¶ 12-13).

Count three, which incorporates the allegations in support of counts one and two by reference, is against Whitehaven. It alleges that Whitehaven was the plaintiff's insurance agent "in the procurement of the subject insurance policy made the basis of this lawsuit as well as the insurance policies relative to content coverage. In that capacity, . . . Whitehaven . . . undertook to procure insurance coverage for plaintiff on the said condominium building and structure and

3

contents." (Doc. 1-2, p. 6, ¶ 16). It also alleges that the plaintiff held four insurance policies that covered the plaintiff's contents in the damaged buildings. (Doc. 1-2, p. 7, ¶¶ 17-19). The plaintiff alleges that Whitehaven was negligent in two specified respects: "[n]egligently failing to procure adequate insurance" and "[n]egligently failing to adequately apprise the Plaintiff and its officers of the fact that the subject condominium association building was grossly underinsured." (Doc. 1-2, p. 7, ¶ 20).

## III.   ANALYSIS

Although the movants take issue with the magistrate judge's conclusion that counts two and three overlap, this court finds that count three overlaps with count one. Count three includes allegations that Whitehaven procured the insurance policy that is the subject of counts one and two. It also alleges that Whitehaven was negligent when it procured inadequate insurance and when it did not tell the plaintiff that the "building was grossly underinsured." The movants' argument that count three of the complaint against Whitehaven is completely unrelated to any of the counts against the movants is inconsistent with a fair reading of the complaint. In count one, the plaintiff claims that the movants are denying it the insurance coverage it deserves. In count three, the plaintiff claims that Whitehaven undertook to procure coverage for both the building structure and also its contents and that Whitehaven either procured inadequate coverage or failed to tell the plaintiff that the "building was grossly underinsured." (Doc. 1-2, p. 7, ¶ 20).

## IV.   CONCLUSION

The court agrees with the magistrate judge's report and recommendation to grant the motion to remand because at least some of the claims against Whitehaven are pleaded in the alternative to the claims against the movants and the resolution of the alternative claims turns, at

least in part, on an interpretation of the same insurance policy. The objection to the report and recommendation is consequently overruled, the report and recommendation is **ADOPTED**, and this case is **REMANDED** to the Circuit Court in Baldwin County.

**DONE and ORDERED** this 9th day of December, 2008.

/s/     Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE